# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| STEVEN BENJAMIN SCHWARZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-cv-72 (MTT) |
| | ) |
| PULASKI STATE PRISON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Pulaski moves to dismiss Plaintiff Schwarz's claims for negligence and deliberate indifference to serious medical needs. For the following reasons, that motion (Doc. 7) is **GRANTED**.

## I. BACKGROUND

Plaintiff Schwarz alleges that he applied to work as a counselor at Pulaski State Prison in September 2018 and that his application was rejected on November 16, 2018. Doc. 1 at 1-2. He alleges Pulaski is a women's prison and has hired women "almost exclusively." *Id*. at 2. Liberally construed, he believes that Pulaski declined to hire him because he is male, and thus he brings suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq. Id*. at 2-3. In addition, he "alleges DELIBERATE INDIFFERENCE and NEGLIGENCE" because Pulaski does not provide adequate psychiatric care to its inmates. *Id*. at 6. The Court will construe this sentence as an attempt to raise a claim under 42 U.S.C. § 1983 for violation of the inmates' Eighth Amendment rights and a state law claim for negligence. He requests that the Court

enter an injunction requiring Pulaski to hire him and award $15,000 "to compensate him for the delay in approving his application." Id. at 2-3, 6. Pulaski now moves to dismiss. Doc. 7.

## II. DISCUSSION

### A. Standard

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing Fed. R. Civ. P. 12(b)(6)). "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.,* 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks and citation omitted). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550

U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018) (citations omitted).

### B. Analysis

Pulaski argues that because it is an arm of the state, state sovereign immunity bars the negligence claim. Doc. 7 at 4. Pursuant to the Georgia Tort Claims Act (GTCA), the state has waived sovereign immunity for the torts of state officers and employees acting within the scope of their official duties, but only if the would-be plaintiff provides ante litem notice. O.C.G.A. § 50-21-26(a). Schwarz did not allege in his complaint that he had given ante litem notice, and he does not now argue that he did.

Rather, Schwarz cites *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613 (2002) for the proposition that a state defendant that removes to federal court waives its Eleventh Amendment immunity. However, the Court in *Lapides* considered only "the context of state-law claims, in respect to which the State has explicitly waived immunity from state-court proceedings." *Lapides*, 535 U.S. 613 at 617-18 (2002). Here, the state entity did not waive its immunity in state court, because Schwarz did not comply with the GTCA. So even if Pulaski's removal to federal court waived its immunity to suit in a federal forum, removal did not waive Pulaski's defense of sovereign immunity on the negligence claim. *See Stroud v. McIntosh*, 722 F.3d 1294, 1301 (11th Cir. 2013) ("a state, if it chooses, can retain immunity from liability for a particular claim even if it waives its immunity from suit in federal courts."); *Green v.*

*Graham*, 906 F.3d 955, 960 (11th Cir. 2018) (discussing *Stroud*); *Beaulieu v. Vermont*, 807 F.3d 478, 486-87 (2d Cir. 2015). The claim remains barred by sovereign immunity.

Further, even if it were not barred by immunity, the negligence claim is cursory and clearly fails to state a claim. The entirety of the negligence claim is contained in the sentence: "the Plaintiff here alleges DELIBERATE INDIFFERENCE and NEGLIGENCE by Administrators of the Mental Health system at Pulaski State Prison, and is specifically complaining about this here and is requesting the following remedial action." Doc. 1-2 at 6. Schwarz makes no allegation of what duty these "Administrators" owed him, how they were negligent, what injuries he suffered, or of causation. For those reasons, the claim should be dismissed.

The deliberate indifference claim is also subject to dismissal. Pulaski argues in its reply brief that Schwarz lacks standing to raise the deliberate indifference claim. Doc. 11 at 5-6. Schwarz responds by arguing he may bring the deliberate indifference claim under the doctrine of third-party standing. Doc. 13 at 5-7. That argument clarifies that the deliberate indifference claim concerns not Schwarz's own interests, but the interests of the inmates.

"Federal courts must hesitate before resolving a controversy, even one within their constitutional power to resolve, on the basis of the rights of third persons not parties to the litigation. The reasons are two. First, the courts should not adjudicate such rights unnecessarily, and it may be that in fact the holders of those rights either do not wish to assert them, or will be able to enjoy them regardless of whether the in-court litigant is successful or not. Second, third parties themselves usually will be the best proponents of their own rights. The courts depend on effective advocacy, and therefore

should prefer to construe legal rights only when the most effective advocates of those rights are before them . . . Ordinarily, one may not claim standing in [federal courts] to vindicate the constitutional rights of some third party." *Singleton v. Wulff*, 428 U.S. 106, 113–14 (1976) (plurality opinion) (quotation marks and citations omitted). Here, Schwarz wishes to litigate pro se to vindicate the inmates' Eighth Amendment rights by obtaining a court order requiring Pulaski to pay Schwarz $15,000 and hire him to provide psychiatric care.

Two things are clear from the complaint: first, it is highly doubtful that Schwarz proceeding pro se will be the most effective advocate of the prisoners' rights. Second, the remedies Schwarz seeks are clearly tailored to benefit him rather than the inmates as a whole. Pulaski's paying Schwarz $15,000 would not help the inmates. Neither is there any indication that Pulaski's filling a vacancy with Schwarz, rather than some other counselor, would benefit the inmates. Further, an injunction ordering Pulaski to hire Schwarz would almost certainly violate the Prison Litigation Reform Act's requirement that injunctive remedies in prison cases be "the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The third-party standing doctrine is not a way for third parties to obtain employment.[1]

Further, Pulaski State Prison is not a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Brown v. Med.*, 2016 WL 4499092, at *2 (M.D. Ga. Aug. 26, 2016); *Allen v. Brown*, 2013 WL 1333175, at *3 (S.D. Ga. Mar. 7, 2013). And Schwarz has stated no other cause of action for the

---

[1] It is true that the rule against third-party standing may be relaxed when a physician is asserting the rights of his patients. *See Singleton*, 428 U.S. at 114-115; *Griswold v. Connecticut*, 381 U.S. 479 (1965). Here, the inmates are not Schwarz's patients; rather, Schwarz seeks an injunction which would make them his patients. And Schwarz seeks employment not as a doctor, but as a counselor.

alleged constitutional violations at Pulaski.  The deliberate indifference claim is subject to dismissal.

### III. CONCLUSION

For the reasons noted above, Pulaski's motion to dismiss (Doc. 7) is **GRANTED**, and the negligence and deliberate indifference claims are **DISMISSED** without prejudice.  The only remaining claim is the Title VII sex discrimination claim.  Because the motion to dismiss has been resolved, the stay of discovery is lifted.

**SO ORDERED**, this 12th day of August, 2019.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT